UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID GANEK,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DAVID LEIBOWITZ; REED BRODSKY; DAVID MAKOL; MATT KOMAR; JAMES HINKLE; HOLLY J. TRASK; DAVID CHAVES; PATRICK CARROLL; RACHEL ROJAS; DIEGO RODRIGUEZ; MARC P. BERGER; CHRISTOPHER L. GARCIA; RICHARD B. ZABEL; BOYD M. JOHNSON, III; and PREETINDER S. BHARARA,<br><br>　　　　Defendants. | [Complaint not yet filed]<br><br>Submitted to Part 1,<br>Honorable Jed S. Rakoff,<br>United States District Judge |

## DECLARATION OF ANNA BENVENUTTI HOFFMANN IN SUPPORT OF REQUEST TO FILE UNSEALED COMPLAINT

Anna Benvenutti Hoffmann, pursuant to the provisions of 28 U.S.C. § 1746, declares, under penalty of perjury, as follows:

　　1.　　I am a partner in the law offices of Neufeld Scheck & Brustin, LLP, attorneys for the movant, Mr. David Ganek.

　　2.　　I am duly licensed to practice in the State of New York and before the U.S. District Court for the Southern District of New York.

　　3.　　This declaration is made upon personal knowledge, except where otherwise noted.

### Background of soon to be filed *Bivens* action

　　4.　　Mr. Ganek intends to initiate a new civil action in this judicial district by filing a complaint this Friday, February 27, 2015.

1

5.      The suit must be filed no later than this Friday because, under a conservative interpretation of the relevant statute of limitations, there is an argument that Mr. Ganek's claim could be untimely as of March 1, 2015.

6.      Accordingly, Mr. Ganek respectfully requests that this Court rule in sufficient time to permit Mr. Ganek to file his complaint by this Friday.

7.      Mr. Ganek's intended suit is a *Bivens* action relating to a high-profile raid conducted by federal law enforcement officials against Mr. Ganek at the offices of his Manhattan hedge fund in November 2010. The raid was conducted pursuant to a search warrant. The magistrate judge issued the search warrant based on representations made in an affidavit in support of the search warrant ("the Affidavit"). Mr. Ganek's complaint alleges, in relevant part, that various FBI and U.S Attorney defendants fabricated evidence against him and incorporated that fabricated evidence into the Affidavit, thereby causing his substantial personal harm, including the loss of his business.

8.      Because Mr. Ganek alleges that the fabricated evidence was incorporated into the Affidavit, the complaint necessarily includes a number of allegations relating to the evidence presented to the magistrate in the Affidavit. In particular, the complaint quotes the allegations in the Affidavit as they relate to Mr. Ganek.

9.      Although I have not attached a copy of the Affidavit, a copy of Mr. Ganek's current draft complaint, with quoted language highlighted, is attached to this declaration as **Exhibit A at page 21.**[1] If necessary, Mr. Ganek would redact those highlighted portions.

---

[1] Counsel may make some changes to this version of the complaint prior to filing on Friday. The changes will have no substantive impact on the proposed redactions.

**Legal Standard and Requested Relief**

10. Given the circumstances outlined below, we do not believe this complaint meets the stringent requirements for filing under seal. Mr. Ganek would also strongly prefer to publicly file his entire complaint, including the allegations that quote the Affidavit. Out of an abundance of caution, however, Mr. Ganek seeks an order from this Court determining whether or not his complaint should be filed under seal with a redacted public version.

11. The federal courts "have recognized a strong presumption of public access to court records."*Video Software Dealers Assoc. v. Orion Pictures Corp.,* 21 F.3d 24, 26 (2d Cir.1994) (citing *Nixon v. Warner Comm'cns, Inc.,* 435 U.S. 589, 597–98 (1978)). This presumption applies with even more force in cases, like this one, alleging civil rights violations by government officials. *See, e.g., Floyd v. City of New York*, 739 F. Supp. 2d 376, 381–82 (S.D.N.Y. 2010) ("The public has a profoundly important interest 'in giving force to the federal civil rights law,' and in reasonable transparency from law enforcement agencies.") (internal citation omitted).

12. Balanced against this strong presumption of public access to judicial records are countervailing concerns including "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

13. Mr. Ganek does not believe that circumstances of this case meet the strict standard for overcoming the presumption of public access to the complete and unredacted *Bivens* complaint in this case. Given that the Government's investigation has concluded, that Mr. Ganek has waived any privacy interest, and that Judge Sullivan has already ruled that there are no privacy interests preventing the public disclosure of those portions of the Affidavit relating to

Mr. Ganek, the factors weighing against disclosure do not outweigh the need of the public to review and evaluate the circumstances of the law enforcement actions at issue in Mr. Ganek's civil action.

14. Nevertheless, out of an abundance of caution, Mr. Ganek seeks a judicial determination of whether redaction and filing under seal is appropriate in this case.

15. Should the Court determine that Mr. Ganek must publicly redact the language quoted from the Affidavit, Mr. Ganek seeks the following relief:

   a. that he be permitted to file his complaint under seal;

   b. that he be permitted to simultaneously file a public, redacted version of the complaint; and

   c. that this sealing request, this supporting declaration, and the Court's resulting order not be publicly filed in any manner until after Mr. Ganek files both his sealed and redacted complaint.

16. In the alternative, should this Court determine that the proposed allegations need not be filed under seal, Mr. Ganek requests:

   a. an order from this Court stating that sealing of the complaint would not be appropriate in this case; and

   b. that this sealing request, this supporting declaration, and the Court's resulting order not be publicly filed in any manner until after Mr. Ganek files his complaint this Friday.

**Factual Background Regarding the Affidavit**

17. At the time the Affidavit was drafted and the warrant was signed, the Affidavit was placed under seal. Over a year later, when the Government brought charges against certain other individuals named on the warrant (not Mr. Ganek), the warrant remained under seal.

18. Mr. Ganek was never charged by the Department of Justice of the Securities and Exchange Commission, but the criminal case involving some of the other individuals named in the warrant was assigned to U.S. District Judge Richard J. Sullivan. *See United States v. Todd Newman et al.*, 12 Cr. 121 (RJS). Pursuant to a protective order issued by Judge Sullivan on March 1, 2012, the sealed Affidavit and its contents were designated confidential information and could not be publicly disseminated. A copy of this protective order is attached as **Exhibit B** (*Newman* Doc. No. 41)**.**

19. Although not criminally charged, Mr. Ganek's attorneys reviewed a copy of the Affidavit as part of the defense preparations of the charged defendants, who considered Mr. Ganek a potential witness in their criminal prosecution.[2] The Affidavit itself, however, remained under seal.

20. On January 22, 2015, the *New York Times* sent a letter request to Judge Sullivan seeking an order that the Affidavit and other warrant materials be unsealed. *See* **Exhibit C** (*Newman* Doc. No. 425). Judge Sullivan subsequently ordered the *Newman* parties to respond to this request. *Id.*

---

[2] The two *Newman* defendants who ultimately proceeded to trial were convicted by a jury but recently had their convictions reversed (and the charges dismissed) by the Second Circuit. *See United States v. Newman*, 773 F.3d 438, 442 (2d Cir. 2014). The Department of Justice has subsequently sought en banc review of the panel's decision

5

21. Since the application by the *Times*, none of the relevant parties—the Government, the *Newman* defendants, Mr. Ganek, the *Times*—have opposed the unsealing the portions of the Affidavit relating to Mr. Ganek.

22. The Government indicated that it "does not assert an interest in continued sealing of the Warrant Material based on any pending investigation." **Exhibit D** (*Newman* Doc. No. 428). Although at first the Government noted that third parties identified in the warrant may "wish to assert a privacy interest to support continued sealing," *id.*, the Government subsequently withdrew that concern with respect to Mr. Ganek, stating that "Mr. Ganek has waived any privacy interest he may have in continued sealing" by virtue of his request that the materials pertaining to him be unsealed, *see* **Exhibit E** (February 13, 2015 letter).

23. Accordingly, although the Government requested that Judge Sullivan redact certain portions of the warrant materials prior to granting the *Times*'s request, the Government did *not* request that Judge Sullivan redact the portions relevant to Mr. Ganek.

24. Similarly, although Mr. Anthony Chiasson, one of the defendants in the *Newman* matter, also requested to submit redactions for the court's approval, Mr. Chiasson proposed redactions were limited to matter relating to "the disclosure of his name relating to information and allegations pertaining to him that were not made public at trial or in any charging document." *See Newman* Doc. No. 430.

25. Both the Government and Mr. Chiasson were directed to submit proposed redactions for the court's review prior to public disclosure of the warrant materials. On February 19, 2015, having reviewed the proposed redactions, Judge Sullivan granted the Government's request. *See* **Exhibit F** (*Newman* Doc. No. 432). The court denied Mr. Chiasson's request, and ordered the government to file the affidavit publicly unless Mr. Chiasson renewed his request by

6

providing the court with additional authority by the following afternoon. *Id.* Mr. Chiasson then did so.

26. Because Mr. Chiasson's requests are still pending, the Court has not yet ordered the Government to publicly file the redacted warrant materials. *See* **Exhibit F** at 2 ("In the event that Chiasson declines to renew the motion by February 20, 2015, the government shall publically file the redacted Warrant Materials by 5:00 p.m. on February 20, 2015. If Chiasson does renew the motion to seal, the government shall await further instructions from the Court pending resolution of the renewed motion.")].

27. It is undisputed, however, that neither the Government's requests nor Mr. Chiasson's requests seek to keep private the Affidavit allegations against Mr. Ganek, and that Judge Sullivan has already ordered that those portions of the Affidavit will be made public. There is no reason to believe that Judge Sullivan's continued consideration of Mr. Chiasson's request would have any effect on his decision to unseal the allegations relating to Mr. Ganek.

28. In light of the positions expressed by Judge Sullivan in his February 19 Order (**Exhibit F**), by the Government and Mr. Chiasson in their respective letters, and by Mr. Ganek himself, Mr. Ganek does not believe that filing the complete complaint in its unredacted form would implicate any law enforcement or privacy concerns.

29. However, although the portions of the Affidavit that are relevant to Mr. Ganek's complaint are no longer confidential, they have not yet been publicly filed on the *Newman* docket. Furthermore, since Mr. Ganek is not a party to the *Newman* litigation, neither he nor his counsel has reviewed the proposed redactions.

30. Out of an abundance of caution, therefore, Mr. Ganek seeks guidance from this Court as to whether to file his complaint under seal. If the Court deems that appropriate, Mr.

Ganek would publicly file a version of the complaint that redacts any allegation that quotes language from the Affidavit, but retain other allegations that reference the Affidavit.

31. Once the redacted information is made public in the *Newman* case, or upon an order of the district judge that is eventually assigned to Mr. Ganek's civil rights complaint, Mr. Ganek will file a fully public complaint.

32. Mr. Ganek has not previously sought the relief requested herein from this or any other court.

New York, New York                           Respectfully submitted,
February 25, 2015

      /s/ Anna Benvenutti Hoffmann

Barry C. Scheck
Nick Brustin
Hon. Nancy Gertner (Ret.)*
    (awaiting admission pro hac vice)
Anna Benvenutti Hoffmann
Farhang Heydari

Neufeld Scheck & Brustin, LLP
99 Hudson Street, 8th Floor
New York, New York 10013
Tel: (212) 965-9081
Fax: (212) 965-9084

*Attorneys for David Ganek*

8