**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| DAVID GANEK,<br><br>     Plaintiff,<br><br>v.<br><br>DAVID LEIBOWITZ, et al.,<br><br>     Defendants. | **No. 15-cv-1446 (WHP)** |

<u>**JOINT RULE 26(f) REPORT**</u>

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's April 13, 2015 Order, (Dkt. No. 24), the parties conferred and jointly submit this report outlining the parties' respective positions with respect to a discovery plan in this matter.

<u>**Defendants' Position**</u>:

As set forth in Defendants' pre-motion conference letter of May 29, 2015, *see* Dkt. No. 30, Defendants intend to move to dismiss the complaint on various grounds, including that all Defendants in this action are entitled to qualified immunity.  Accordingly, all discovery should be held in abeyance until after the Court has ruled on Defendants' motion.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (instructing that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed"); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

It is well settled that the doctrine of qualified immunity protects government officials "not just from liability but also from suit on such claims, thereby sparing [them] the necessity of defending by submitting to discovery on the merits or undergoing a trial."  *X-Men Sec., Inc. v. Pataki*, 196 F.3d 56, 65 (2d Cir. 1999); *see Spavone v. New York State Dep't of Corr. Servs.*, 719

F.3d 127, 134 (2d Cir. 2013) ("Qualified immunity protects federal and state officials from both civil damages and unnecessary and burdensome discovery or trial proceedings." (internal quotation marks omitted)).  Indeed, the Supreme Court has held that "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery."  *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (internal quotation marks omitted); *see also Atkinson v. Goord*, No. 01 Civ. 0761 (LAK), 2002 WL 1997887, at *1 (S.D.N.Y. Aug. 28, 2002) (acknowledging that "the merits of any arguable qualified immunity defense should be determined before proceeding to discovery on the merits").

The Supreme Court also has made clear that qualified immunity should be decided at the "earliest possible stage in litigation," *see Saucier v. Katz*, 533 U.S.194, 201 (2001), and the Second Circuit has recognized that a qualified immunity defense can be "successfully asserted in a Rule 12(b)(6) motion" where, as here, "the complaint itself establishe[s] the circumstances required as a predicate to a finding of qualified immunity," *McKenna v. Wright*, 386 F.3d 432, 435 (2d Cir. 2004) (internal quotation marks omitted); *see also Green v. City of Mount Vernon*, No. 10 Civ. 707 (KMK), 2015 WL 1455701, at *10 (S.D.N.Y. Mar. 31, 2015) ("it is appropriate to decide the issue of qualified immunity, when raised, at an early stage of the litigation, such as when deciding a pre-answer motion to dismiss" (internal quotation marks omitted)).  For the reasons outlined in Defendants' pre-motion conference letter, the complaint is subject to dismissal – based solely on the complaint itself and the documents plainly incorporated by reference therein – as to each of the 15 Defendants based on qualified immunity, and discovery should not proceed until the court has an opportunity to rule on these threshold questions.

Moreover, separate and apart from arguments regarding qualified immunity, courts will grant motions to stay discovery pursuant to Rule 26(c) of the Federal Rules of Civil Procedure while motions to dismiss are pending.  In considering such applications, courts evaluate "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion."  *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (internal quotation marks and alterations omitted).  As set forth in the pre-motion conference letter, Defendants shortly will be filing a motion to dismiss, and under these principles, a stay of discovery is warranted, as Defendants have strong bases for their motion to dismiss and Plaintiff will not be prejudiced by deferring discovery until after the motion to dismiss is decided.

Should any portion of the complaint survive Defendants' motion to dismiss, counsel for Defendants will work cooperatively with counsel for Plaintiff to propose an appropriate schedule for, and limitations on, discovery, but Defendants respectfully submit that discovery at this stage of the proceedings is premature and unwarranted.

**Plaintiff's Position:**

Plaintiff agrees that until both sides agree to participate in the discovery-plan conferral process, neither side can provide the Court with a meaningful schedule or with proposals regarding the topics outlined in Rule 26(f).

Plaintiff disagrees, however, with Defendants' assertion that no discovery may take place in this matter until after Defendants' motion has been decided. Qualified immunity protects only against "unnecessary" discovery or trial proceedings. *See Crawford-El v. Britton*, 523 U.S. 574, 597–98 (1998). As explained in Plaintiff's letter response to Defendants' pre-motion letter, although Defendants have invoked the specter of qualified immunity, they have done nothing to

3

articulate how that defense could possibly apply to all Defendants and all claims asserted in Plaintiff's detailed Complaint. (*See* Dkt. No. 31 (Plaintiff's letter)). This is particularly true with respect to the Defendants directly involved with the warrant and the alleged fabrications. Without more, Defendants' invocation of the affirmative defense of qualified immunity should not automatically halt all discovery. *See, e.g.*, *Atkinson v. Goord*, No. 01 Civ. 0761, 2002 WL 1997887, at *1–2 (S.D.N.Y. Aug. 28, 2002) (rejecting defendants' "blunderbuss tactic of claiming that plaintiff is entitled to no discovery of any kind with respect to anything, irrespective of whether a qualified immunity defense has been asserted in any but conclusory terms and irrespective of whether it has any color of merit"); *Alford v. City of New York*, No. 11 Civ. 0622, 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012) (denying stay of discovery pending resolution of defendants' motion to dismiss based on qualified immunity and concluding that although "defendants may have substantial arguments for dismissal of some of the claims, this Court is doubtful that defendants will succeed in dismissing all of the claims against them").

Plaintiff hopes to discuss the merits of Defendants' motion at the June 22 pre-motion conference. Perhaps, with the Court's assistance, the parties can agree that at least certain discovery is inevitable and should proceed without delay. Given the Court's "broad discretion to tailor discover narrowly and dictate the sequence of discovery," *Crawford-El*, 523 U.S. at 598 (citing Federal Rule of Civil Procedure 26), Plaintiff suggests that at least the initial stages of discovery should be scheduled while the motion to dismiss is pending (*e.g.*, Rule 26(a) initial disclosures, requests for production of documents). *See, e.g.*, *Williams v. Cnty. of Sullivan*, 157 F.R.D. 6, 9 (S.D.N.Y. 1994) ("Discovery dealing with the most obviously pertinent sources of information can be permitted to proceed initially, holding in abeyance questions regarding controverted further discovery until the results of initial discovery are known.").

Dated: June 17, 2015
New York, NY


Respectfully submitted,


|  |  |
|---|---|
| /s/ Anna Benvenutti Hoffmann | DANIEL L. STEIN<br>Acting United States Attorney for the<br>Southern District of New York |

|  |  |  |
|---|---|---|
| Barry C. Scheck | By: | /s/ Andrew E. Krause |
| Nick J. Brustin | | ANDREW E. KRAUSE |
| Nancy Gertner | | SARAH S. NORMAND |
| Anna Benvenutti Hoffmann | | Assistant United States Attorneys |
| Farhang Heydari | | 86 Chambers Street, 3rd Floor |
| | | New York, New York  10007 |
| Neufeld Scheck & Brustin, LLP | | Telephone:  (212) 637-2769/2709 |
| 99 Hudson Street, 8th Floor | | Facsimile:  (212) 637-2786 |
| New York, New York 10013 | | E-mail:   andrew.krause@usdoj.gov |
| Tel: (212) 965-9081 | |               sarah.normand@usdoj.gov |
| Fax: (212) 965-9084 | | |
| | | *Counsel for Defendants* |
| *Counsel for Plaintiff* | | |
| *David Ganek* | | |

5